UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

INNA PILIPENKO,
and all others similarly situated;

    Plaintiffs,

vs.

GLOBAL HEALTHCARE ADVISORS, LLC,
an active Delaware limited liability company; and
LAWRENCE CARTER, individually;

    Defendants.
_____/

## COMPLAINT

Plaintiff, INNA PILIPENKO, on behalf of herself and all others similarly situated, brings this individual and collective action for willful violations under the Fair Labor Standards Act, (hereinafter referred to as the "FLSA") against GLOBAL HEALTHCARE ADVISORS, LLC, and LAWRENCE CARTER, individually (collectively referred to as "Defendants").

### INTRODUCTION

1. Plaintiff worked for Defendants as a non-exempt, Executive Assistant.

2. Plaintiffs duties included, but were not limited to, things such as providing administrative support to Defendant, Larwrence Carter.

3. Plaintiff's duties did not involve having discretion or independent judgment on matters of significance to Defendants.

4. Plaintiff brings this lawsuit on behalf of herself and all other similarly situated employees of Defendants, who performed similar duties to, and/or who were paid in the same improper manner as Plaintiff.

1

5. Defendant has a policy and practice of failing to pay Plaintiff and similarly situated employees minimum wage for all hours worked and overtime compensation for all hours worked on excess of forty (40) in a given workweek.

6. This lawsuit is brought as a collective action under the FLSA to recover minimum wage and overtime compensation owed to Plaintiff and similarly situated employees.

7. Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid workers pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendants during the three-year period preceding the filing of this action ("Relevant Liability Period").

8. Additionally, Plaintiff engaged in protected activity when she asked Defendant Carter when she would be paid for hours worked.

9. In response, Defendant Carter told Plaintiff she was being insubordinate and then ultimately terminated Plaintiff.

10. Thus, Defendant Carter retaliated against Plaintiff under the FLSA.

## JURISDICTION AND VENUE

11. The FLSA authorizes court actions by private parties to recover damages under the FLSA's wage and hour and retaliation provisions.

12. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. Venue is proper in the Southern District of Florida because Defendant, GLOBAL HEALTCARE ADVISORS, LLC, has its principal place of business in this District, provides services in this District and is thus considered a resident of this District. Additionally, all of or a substantial portion of the acts that form the basis of this action took place in this District. Finally, upon information and belief, Defendant, CARTER is a resident of this District.

## PARTIES

14. Plaintiff is an adult resident of Miami-Dade County, Florida and worked for Defendants from February 2016 until her termination on September 6, 2019.

15. Plaintiff was a covered employee within the meaning of the FLSA.

16. During the Relevant Liability Period, Defendants failed to pay Plaintiff and similarly situated employees minimum wage for all hours worked and overtime for all hours worked in excess of forty (40) in a given work week.

17. Defendant, GLOBAL HEALTHCARE ADVISORS, LLC is covered employer under the FLSA.

18. During the Relevant Liability Period, Defendants employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any persons," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

19. During the Relevant Liability Period, Defendants achieved annual gross sales made or business done of not less than $500,000.00, in accordance with U.S.C. § 203(s)(1)(A)(ii).

20. Defendant, LAWRENCE CARTER, is an individual who is a resident of Florida.

21. CARTR is the sole member of GLOBAL HEALTCARE ADVISORS, LLC.

22. CARTER is an employer as that term is defined by the FLSA insofar as he has complete control of the business, makes day to day decisions, has direct control of Plaintiff, sets Plaintiff's hours and fired Plaintiff.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

23. Defendants operate a healthcare consulting/advisory company in Miami-Dade County, Florida.

24. During the relevant limitations period, Defendants have employed numerous non-exempt workers.

25. Plaintiff, and those similarly situated, are non-exempt employees, and therefore entitled to additional compensation for all hours worked over forty (40) in a given work week.

26. Defendants failed to pay Plaintiff and the putative class minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) in a given work week.

27. Plaintiff and all other similarly situated individuals routinely work over forty (40) hours in a work week but were not paid overtime wages for all of that work.

28. Plaintiff and all other similarly situated individuals routinely are not paid minimum wage for all hours worked.

29. Specifically, Plaintiff is supposed to be paid a designated amount for the forty (40) hours per work week.

30. Defendants, however, refused to pay Plaintiff anything for hours worked.

31. Specifically, Plaintiff was paid semi-monthly, on the first and fifteenth of every month.

32. Defendants then started to pay Plaintiff infrequently.

33. Beginning in June 2019, Plaintiff was paid on June 5, 2019, instead of June 1, 2019.

4

34. Plaintiff did not receive a check on June 15, 2019, which was for time worked May 15, 2019 to May 31, 2019.

35. Plaintiff's next check was July 17, 2019, which was for time worked June 1, 2019 to June 15, 2019.

36. Plaintiff's next check was July 30, 2019, which was for time worked June 15, 2019 until June 30, 2019.

37. Plaintiff's final check was August 12, 2019, which was for time worked July 1, 2019 until July 14, 2019.

38. Plaintiff worked until her termination on September 6, 2019.

39. Accordingly, Plaintiff was not paid for her hours worked after July 14, 2019, and for all of her hours worked in August 2019 and September 2019.

40. Plaintiff routinely told Defendant Carter that she needed to be paid.

41. Despite her demands, Plaintiff was not paid.

42. On August 29, 2019, Plaintiff engaged in a series of emails with Defendant Carter, wherein she told him that she needed to be paid for her hours worked. (A copy of the August 29, 2019, emails are attached as Composite Exhibit A.)

43. During the August 29, 2019 email exchange, Defendant Carter told Plaintiff that she was being insubordinate and ordered her to leave the office. *See* Exh. A.

44. Plaintiff responded by again telling Defendant Carter that she needed to get paid. *See id.*

45. Plaintiff was again told to leave the office. *See id.*

46. On September 6, 2019, just eight (8) days after again asking when she would be paid, Defendants fired Plaintiff.

47. Plaintiff's inquiry was protected activity under the FLSA.

48. Plaintiff had never received any discipline prior to her termination.

49. Suddenly, a mere eight (8) days after she is requesting, in writing, to get paid, Plaintiff is terminated.

50. Defendants retaliated against Plaintiff because of her protected activity.

51. Defendants' policy of wrongfully denying Plaintiff, and the putative class' payment of minimum wage and overtime is companywide.

52. Defendants knew, and have known, that Plaintiff and all similarly situated employees perform work without compensation and have chosen to deny them overtime and minimum wage compensation for performing this work in willful disregard of their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51.

54. Plaintiff brings Counts I and II as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed in an administrative capacity for Defendants for the past three years (plus any applicable tolling) who were not paid full and proper overtime and minimum wage for all hours worked.

55. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

56. The class is so numerous that joinder of all members is impracticable. Plaintiff has executed a Consent to Become Party Plaintiff which is attached as Exhibit B.

57. The FLSA claim may be pursued by those who opt-in to this case.

6

58. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION TO ADMINISTRTIOVE EMPLOYEES IN VIOLATION OF THE FLSA DURING THE RELEVANT LIABILITY PERIOD

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57.

60. This Count is against all Defendants.

61. During the FLSA Relevant Liability Period, Defendants failed to properly compensate all administrative employees by failing to properly pay overtime for all hours worked in excess of forty (40) hours in a given work week.

62. Defendants actions were willful.

63. Plaintiff, on behalf of herself and other similarly situated employees, seeks unpaid overtime compensation in amounts to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the even liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated employees demands judgment against Defendants and requests that this Court:

a. Issue a notice to all administrative employees who were employed by Defendants at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

7

  b. Find that Defendants' violations of the FLSA were willful and impose a three (3) year statute of limitations period for FLSA claims;

  c. Award Plaintiff and all other similarly situated employees unpaid overtime;

  d. Award Plaintiff and all other similarly situated employees liquidated damages;

  e. Award Plaintiff and all other similarly situated employees post judgment interest;

  f. Award Plaintiff and all other similarly situated employees attorney's fees and costs; and

  g. Award Plaintiff and all other similarly situated employees any other relief this Court deems just and appropriate.

## COUNT II

### FAILURE TO PAY MINIMUM WAGE COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE RELEVANT LIABILITY PERIOD

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57.

65. This Count is against all Defendants.

66. During the FLSA Relevant Liability Period, Defendants failed to properly compensate all administrative employees by failing to properly pay minimum wage for all hours worked in a given work week.

67. Defendants actions were willful.

68. Plaintiff, on behalf of herself and other similarly situated employees, seeks unpaid minimum wage compensation in amounts to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the even liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated employee demands judgment against Defendants and requests that this Court:

a. Issue a notice to all hourly paid kitchen workers who were employed by Defendants at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b. Find that Defendants' violations of the FLSA were willful and impose a three (3) year statute of limitations period for FLSA claims;

c. Award Plaintiff and all other similarly situated employees unpaid minimum wage;

d. Award Plaintiff and all other similarly situated employees liquidated damages;

e. Award Plaintiff and all other similarly situated employees post judgment interest;

f. Award Plaintiff and all other similarly situated employees attorney's fees and costs; and

g. Award Plaintiff and all other similarly situated employees any other relief this Court deems just and appropriate

## COUNT III

## RETALIATION UNDER THE FLSA

69. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57.

70. This Count is against all Defendants.

71. Plaintiff engaged on protected activity when she inquired when she was going to be paid for hours worked.

72. Plaintiff suffered an adverse action insofar as she was sent home and told she was insubordinate and then suffered another adverse action when her employment was terminated.

73. There is a causal connection between Plaintiff's protected activity (which occurred on August 29, 2019) and both adverse actions.

74. Specifically, Plaintiff was send home and told she was insubordinate the same day as her protected activity.

75. Further, Plaintiff was terminated eight (8) days after her protected activity.

76. Defendants do not have a legitimate non-discriminatory reason for terminating Plaintiff.

77. Plaintiff has suffered damage due to the actions of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated employee demands judgment against Defendants and requests that this Court:

a. Award Plaintiff economic damages;

b. Award Plaintiff liquidated damages;

c. Award Plaintiff compensatory damages, including but not limited to damages for mental anguish and emotional distress;

d. Award Plaintiff punitive damages;

e. Award Plaintiff pre and post judgment interest;

f. Award Plaintiff front pay;

g. Award Plaintiff attorney's fees and costs; and

h. Award Plaintiff any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, and all similarly situated employees demand a trial by jury on all issues so triable.

Dated: October 1, 2019,
Fort Lauderdale, Florida

                              Respectfully submitted,

                              By: /s/*Michael L. Elkins*
                                    Michael L. Elkins
                                    Florida Bar No. 523781
                                    melkins@mlelawfirm.com
                                    **MLE LAW**
                                    633 S. Andrews Ave.
                                    Suite 500
                                    Fort Lauderdale, FL 33301
                                    Telephone: (954) 401-2608
                                    *Co-Counsel for Plaintiff*

                                    /s/*Joshua M. Entin*
                                    Joshua M. Entin, Esq.
                                    Fla. Bar No. 493724
                                    josh@entinlaw.com
                                    **ENTIN LAW GROUP, P.A.**
                                    633 S. Andrews Ave.
                                    Suite 500
                                    Fort Lauderdale, FL 33301
                                    Telephone: (954) 761-7201
                                    *Co-Counsel for Plaintiff*